| | |
|---|---|
| 1 | ILENE J. LASHINSKY (#003073)<br>United States Trustee |
| 2 | District of Arizona |
| 3 | EDWARD K. BERNATAVICIUS (#024174)<br>Trial Attorney |
| 4 | 230 N. First Ave, Suite 204<br>Phoenix, Arizona 85003 |
| 5 | (602)682-2608 |

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re: | ) | In Proceedings under Chapter 11 |
| | ) | |
| EAGLE STORAGE & DEVELOPMENT, LLC | ) ) ) | Case No. 0:09-bk-07205-RJH |
| | ) | **UNITED STATES TRUSTEE'S MOTION** |
| Debtor. | ) | **TO CONVERT CASE TO CHAPTER 7** |
| | ) ) | |

      The United States Trustee for the District of Arizona (the "UST"), in furtherance of her administrative responsibilities imposed pursuant to 28 U.S.C. § 586(a), hereby respectfully moves this Court to enter an order to convert this case to a proceeding under Chapter 7 of the Bankruptcy Code.

      This motion is supported by the entire record of this case and the grounds more specifically set forth in the attached Memorandum of Points and Authorities.

      RESPECTFULLY SUBMITTED this 6th day of October, 2009.

                                          ILENE J. LASHINSKY
                                          United States Trustee
                                          District of Arizona

                                          /s/ Edward K. Bernatavicius
                                          EDWARD K. BERNATAVICIUS
                                          Trial Attorney

MEMORANDUM OF POINTS AND AUTHORITIES

A.   FACTUAL BACKGROUND

   1.   The Debtor filed its voluntary petition under Chapter 11 of the bankruptcy code on April 13, 2009

   2.   The Debtor Corporation is proceeding in chapter 11 without the assistance of legal representation and, as such, the case should be converted to a proceeding under chapter 7 of the Code. On August 20, 2009, counsel of record for the Debtor, Eric Slocum Sparks, filed a motion to withdraw presenting the Debtor in this case. *See, Docket # 117.*. The Court granted that motion and the Debtor has not retained new legal representation[1]. The Debtor is a corporation and, as such, may not proceed without the assistance of counsel in this chapter 11 proceeding and the case must be converted

   3. The Debtor appears to be administratively insolvent. Upon information and belief, the Debtor is the owner of a single parcel of real property located at 1808 Victoria Farms Road in lake Havasu City, Arizona, commonly known as the Eagle Storage facility.[2] The Property is both real and personal property, including multiple buildings which contain partially leased and unleased storage space. On June 11, 2009, the Court entered an <u>Order Granting Avatar Income Fund I's Motion For (I) Determination that Eagle Storage & Development, LLC is a Single Asset Real Estate Debtor, And (II) Order Requiring Eagle Storage & Development, LLC to Comply with the Requirements of Bankruptcy Code § 362(d)(3)</u>. *See, Docket # 67.* On August 27, 2009, the secured lienholder on the property, Avatar Income Fund, was granted relief from the automatic stay in order to pursue its state court remedies. *See, Docket # 123*. Since Avatar has stay relief as to the main asset in the Debtor's estate and the new managing investor group is in support of conversion of this case to chapter 7, the UST requests that the Court convert this case to a proceeding under chapter 7 of the Code.

---

[1]. The UST acknowledges that the managing group of investors for the Debtor has specifically decided not retain counsel at this time and would like the case to be converted to chapter 7.

[2]. The investor group in this case has recently uncovered what they believe to be at least one other unencumbered parcel of land owned by the Debtor and believe there could be more. This potential for collection of assets and distribution to the estate should be addressed by a chapter 7 trustee.

2

1       4.      The Debtor has failed to file any operating reports in this case.  The Debtor is
2  delinquent in filing operating reports from April 2009 to September 2009.
3       5.      The Debtor has failed to pay any quarterly fees in this case.  The Debtor owes
4  quarterly fees for the 2nd quarter of 2009 in the estimated amount of $325.00.  The actual amount of
5  quarterly fees is unknown at this time as the Fee Information Collection System ("FICS") balance is
6  predicated upon minimum monthly estimates.

LEGAL ANALYSIS

Pursuant to Section 1112(b) of the Bankruptcy Code, a Bankruptcy Court may dismiss or convert a chapter 11 case for "cause."  Section 1112(b) sets forth numerous, non-exhaustive, elements that constitute "cause" and are  grounds for dismissal or conversion to Chapter 7.  These elements are set forth in Section 1112(b)(4) and include:

> (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
> (F) unexcused failure to satisfy any filing or reporting requirements established by this title or by any rule applicable to a case under this chapter;
> (K) failure to pay any fees or charges required under chapter 123 of title 28.
> .

11 U.S.C. § 1112(b).

It is clear that courts have wide discretion in determining what constitutes such cause. See In re Johnston, 149 B.R. 158, 160 (9th Cir. BAP 1992) and Matter of Nugelt, Inc., 142 B.R. 661, 665 (Bankr. D. Del. 1992) (citing In re Berryhill, 127 B.R. 427, 430 (Bankr. N.D. Ind. 1991)).

The United States Trustee asserts that sufficient cause exists to grant this Motion under Section 1112(b).  The Debtor has failed to file any of its Schedules and Statements and is not permitted to proceed without legal counsel in this Chapter 11 proceeding.  The Debtor's delay in complying with its administrative duties may be causing continuing loss to or diminution of the estate and an unreasonable delay of the case.  See In re Beryhill, 127 B.R. at 433 (court imposed the "penalty of dismissal" for the debtor's recurring failures to comply with procedural rules and orders); and In re Hi-

3

Toc, 159 B.R. at 693 (failure to fulfill statutory duties and pay taxes may be considered in the decision to convert or dismiss).

As outlined above, this corporate Debtor has failed to obtain counsel to rightfully proceed in this chapter 11 process and has failed to comply with its obligations as a debtor-in-possession. The Debtor also appears to be administratively insolvent without any chance of re-organization since the secured lender has received relief from the automatic stay against the main asset of the estate. However, if there are some assets that remain undisclosed or hidden by prior management or there may be potential causes of action against prior management for his actions in this case then it is in the best interest of the estate and creditors for this case to be converted to a chapter 7 proceeding rather than dismissed.

CONCLUSION

The Debtor in this case, as a debtor-in-possession, is in charge of a bankruptcy estate that is not under the direct supervision of a trustee. A system of checks and balances has been set up to ensure that the Debtor fulfills its fiduciary responsibilities and is accountable. As a result, the Debtor must ensure that it complies with the administrative duties of filing Schedules and Statements and retaining counsel. This Debtor has failed in each of these respects. The failure of this Debtor to do so is clearly cause under 11 U.S.C. § 1112(b) for conversion of this case.

WHEREFORE, the United States Trustee respectfully requests that this Court enter an order converting this case to Chapter 7.

RESPECTFULLY SUBMITTED this 6th day of October, 2009.

ILENE J. LASHINSKY
United States Trustee
District of Arizona


 /s/ Edward K. Bernatavicius
EDWARD K. BERNATAVICIUS
Trial Attorney

4

Copy of the foregoing mailed the
6th day of October, 2009to:

**EAGLE STORAGE & DEVLOPMENT, LLC**
171 S. ANITA DR.
ORANGE, CA 92868


**STEVEN C. THOENES**

11358 N. Mandarin Ln,

Tucson, AZ 85737

**JAMES R. CHANDLER, III**
BENDER, BENDER & CHANDLER, P.A.
323 10TH AVENUE WEST, STE 301
PALMETTO, FLORIDA 34221
Telephone: 941.723.3425
Facsimile: 941.723.3571
E-mail: bbcjrciii@aol.com

**KYLE S. HIRSCH**
BRYAN CAVE LLP
TWO N. CENTRAL AVENUE, SUITE 2200
PHOENIX, AZ 85004
Telephone: 602.364.7000
Facsimile: 602.364.7070
e-mail: kyle.hirsch@bryancave.com

**LAWRENCE E. WILK**
**BARBARA C. KLABACHA**
JABURG & WILK, P.C.
3200 N. Central Avenue
20th Floor
Phoenix, AZ 85012
Telephone: 602.248.1000
lew@jaburgwilk.com


/s/ Connie Hoover